UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA,<br><br>           Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO; SHERIFF LOU BLANAS; CAPTAIN HARRIS; SERGEANT DILLON; DEPUTY McGUIRE; DEPUTY KOBZA; DEPUTY MENDOZA; DEPUTY KRIMKIN; DEPUTY WINN; DEPUTY EDWARDS; DEPUTY HARRIS; DEPUTY HIDALGO; DEPUTY PETERSON; and DEPUTY KOONTZ,<br><br>           Defendants. | No. 2:99-cv-01938-JKS<br><br>ORDER<br>[Re:  Reopening Discovery and<br>      Dispositive Motions] |

        The parties filed a Joint Status report on August 14, 2007.  *See* Docket No. 113.

        Plaintiff, now represented by counsel, requests that discovery be reopened for a period of 90 days.  Defendants oppose that request.  Defendants request that they be allowed to file a dispositive motion addressing the issue of whether there was a legitimate, non-punitive purpose that justified Plaintiffs' detention under the circumstances and addressing the underlying constitutional issues.  Plaintiff opposes that request.

        The decision of Court of Appeals reversing and remanding this case has cast it in somewhat of a different light than existed at the time the Court entered the order granting Defendants summary judgment.  Consequently, the Court agrees to some extent with both Plaintiff and Defendants with respect to their requests.  The Court is of the view that to the extent that factual and legal issues may be addressed and narrowed prior to trial is almost invariably in the best interests of the parties and judicial efficiency.

On the underlying constitutional issue, the critical issues are what were the conditions imposed in "T-Sep" at the time of Plaintiff's incarceration in relation to the conditions of the general prison population and pretrial criminal detainees and what part did the official policy, practices and procedures of Sacramento County play in imposing those conditions.  *See  Jones v. Blanas*, 393 F.3d 918 (9th Cir.2004).  If Plaintiff establishes his allegations by a preponderance of the evidence, one or more of the defendants is likely liable.  At best, from the perspective of Defendants, there is a triable issue of fact that can not be resolved in their favor by summary judgment.  The Court is also of the view that many factual issues on these points should be resolvable by stipulation.

The other factually based issue is related to whether any legitimate non-punitive considerations underlaid the policy, procedures and practices of detaining Plaintiff in "T-Sep." Like the Ninth Circuit in *Jones*, this court is skeptical that Defendants can establish as a matter of law that the bevy of restrictions faced by Plaintiff were not "excessive in relation to" any potential legitimate non-punitive consideration.  However, on the other hand, if they can, in fact, establish such considerations, it would be in the interests of the parties and efficient judicial administration to address them before trial.  To that end, the court is inclined to grant limited relief to Defendants as to a further dispositive motion on that issue alone.

Although the Court is reluctant to reopen discovery *carte blanche*, including motions to compel, the Court is also cognizant of the fact that *pro se* prisoners are severely hampered in their ability to take deposition testimony.  Therefore the Court is inclined to reopen discovery to allow counsel for plaintiff to take the depositions of defendants and any person having knowledge of the policy, practices and procedures applicable to "T-Sep," both at the time of Plaintiff's incarceration and since that time.

IT IS THEREFORE ORDERED THAT:

1. On or before **September 28, 2007**, counsel for Defendants will: (1) to the extent they have not already been produced, furnish counsel for Plaintiff with copies of all documents that refer or relate to the policy, practices and procedures governing the operation of "T-Sep" during the period of Plaintiff's incarceration and any changes made subsequent thereto; (2) designate the person associated with Sacramento County who may speak on behalf of the County as to the

"T-Sep" policy, practices, procedures, their implementation and operation; (3) the names, qualifications, and an outline of the expected testimony of each person whom Defendants intend to offer with respect to the subject of a legitimate non-punitive penological purpose for "T-Sep"; and (4) copies of any and all documents that Defendants intend to introduce on the subject of a legitimate non-punitive penological basis for the practice, policy, and procedures of "T-Sep" at the time of Plaintiff's incarceration.

2. Leave is granted to Plaintiff to take the depositions of any named defendant and those persons identified in the compliance with the immediately preceding paragraph, which depositions must be competed not later than **November 16, 2007.**

3. Defendants are granted leave to file a dispositive motion addressing solely the issue of a legitimate penological basis for the "T-Sep" policy, practices, and procedures, in effect at the time Plaintiff was incarcerated. This motion must be filed not later than **December 3, 2007**, but may not be filed prior to the close of discovery under the immediately preceding paragraph, unless before that date counsel for Plaintiff informs counsel for Defendants that no further discovery is necessary.

      DATED: August 24, 2007

                                        s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge