**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA,,<br><br>                      Plaintiff,<br><br>    vs.<br><br>COUNTY OF SACRAMENTO; SHERIFF LOU BLANAS; DEPUTY MENDOZA; and DEPUTY KRIMKIN,<br><br>                Defendants. | **Case No. 2:99-cv-01938-JKS**<br><br>**ORDER SETTING DATES FOR FINAL PRETRIAL CONFERENCE, DEADLINES FOR PRETRIAL DOCUMENTS, AND TRIAL** |

## I.  CASE STATUS

Except as provided hereinafter all dispositive motions have been ruled upon.   On April 18, 2008, the Court entered an order requesting a joint status report as to readiness for trial.  *See* Docket No. 211.  The parties filed a Joint Pretrial Statement on May 26, 2008.  *See* Docket No. 212.

Trial is set by jury on **September 29, 2008,** in Courtroom No. 3 United States Courthouse, Sacramento, California.  The trial is estimated to require five (5) days, including jury selection.  To facilitate the trial process, a Final Pretrial Conference will be held immediately preceding the start of the trial **September 29, 2008, at 9:00 o'clock a.m**.

## II.  PRETRIAL PROCEDURES

A Final Pretrial Conference, pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, is intended to provide a meaningful and efficient forum for the resolution of pretrial conflicts, discourage wasteful trial practices, and thereby improve the quality of the trial.  The conference is designed to accomplish the following:  limit and define the issues for trial; determine an agreed-upon statement of facts; resolve objections and other matters relative to witnesses and exhibits; and dispose of any final motions.  In furtherance of these goals, the Court

has developed a schedule for the submission of certain documents prior to the Final Pretrial Conference.

First, the parties are required to file the following documents:  (1) trial briefs; (2) final list of witnesses who will testify at trial; (3) final exhibit lists;  (4) the Judge's Copy of trial exhibits (lodged with the Clerk of Court);  (5) proposed jury instructions; (6) proposed voir dire questions; and (7) proposed special verdict questions (collectively "Pretrial Documents").  The deadline for submission of the Pretrial Documents is **July 25, 2008**.  The parties must next each submit a comprehensive Proposed Pretrial Order that will provide the agenda for the Final Pretrial Conference.  The deadline for filing the comprehensive Proposed Pretrial Orders is **August 25, 2008**.  Finally, a Final Pretrial Conference will be held to discuss any remaining issues that need to be resolved on the first day set for trial immediately prior to trial.  Following the conclusion of the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will supersede the pleadings, determine the issues to be submitted at trial, and govern all further proceedings.  The parties must follow the guidelines discussed below in preparing the documents discussed above.

A.      *Exhibits*

The parties must file a list of exhibits and lodge with the Clerk of the Court the Judge's Copy of the exhibits.  The Judge's Copy of trial exhibits should be hole-punched, tabbed, and placed in binders.  All depositions that are to be used for any purpose at trial must be lodged with the Clerk of Court not less than five days prior to the Final Pretrial Conference.  Any depositions offered at that time will be ordered published as a matter of course.  The parties must debate all objections to exhibits in the trial briefs as described below.

For clarity and ease of identification, exhibits shall be identified as follows:  All exhibits to be offered at trial must be sequentially numbered—1, 2, 3, etc., not A, B, C, . . . AA, BB, CC, etc.  Plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2, etc.  Likewise, Defendant's exhibits shall be preceded by a "D"—D1, D2, etc.  Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits.  In the event both parties submit the same exhibit, that exhibit will be deemed to be admitted by stipulation.

2

B.      *Trial Briefs*

Trial briefs shall contain a summary of the party's position.  *See* LR 16-285.  The briefs shall contain all authorities upon which the party relies in support of its position on each contested issue of law.  In addition, the briefs shall disclose and address those theories of the case that the party will present at trial, and those claims and defenses that the party, after carefully reviewing the pleadings, discovery, and prior motion practice, expects its opponent to present at trial.

All objections to exhibits must also be supported in the trial briefs.  Where the exhibit is being offered for a limited purpose, that fact should be made clear so that the parties may consider eliminating the exhibit by stipulation to one or more facts.  Each party may file a supplemental trial brief responding to the objections raised in the trial briefs.  This first supplemental trial brief, if offered, shall be filed no later than **August 11, 2008**.

C.      *Jury Instructions*

The parties shall file a complete set of jury instructions addressing all issues they wish to present to the jury.  Except as otherwise specifically provided herein, jury instructions are to be submitted in accordance with LR 51-163.  The submitted instructions are to be taken from the Ninth Circuit Manual of Model Jury Instructions, except that when the law of California provides the rule of decision for certain issues, instructions regarding substantive law shall be taken from the California Jury Instructions-Civil (CACI) or California Jury Instructions-Civil (BAJI) .  Attached to this order are the Court's standard preliminary and final jury instructions. The parties should alert the Court to any standard instruction they believe is inappropriate for this case and explain why the instruction is inappropriate.  The parties should also propose instructions pertaining to the specific elements of each claim presented.  The instructions pertaining to the specific claims presented will be inserted after the Court's first instruction.  If the proposed instruction is either a Ninth Circuit Manual of Model Jury Instruction, California Jury Instructions-Civil (CACI), or California Jury Instructions-Civil (BAJI), the parties need not re-type the instruction, but may merely list the proposed instructions by number, *e.g.*, Ninth Circuit Model Civil Jury Instruction 1.1 – Duty of Jury; or California Jury Instructions-Civil (BAJI) 3.10 – Negligence and Ordinary Care – Definitions.

Also attached is a draft of the Court's standard *voir dire* jury questionnaire and general questions for the panel.  The parties should review these questions and propose any additional questions deemed appropriate.  The parties should keep in mind that the purpose of *voir dire* is not to try one's case pretrial, but to determine which jurors, if any, should be excused because they have, or may have, disqualifying biases, prejudices, *etc*.  If a juror responds to a particular question with an answer that raises an issue as to that person's ability to be an impartial juror, the Court will likely allow counsel to later question the juror in open court, out of the presence of the other jurors, for the purpose of determining whether that juror has any prejudices, biases, etc. *See* FED. R. CIV. P. 47(a).  The parties must also submit a proposed special verdict form pursuant to Rule 49 of the Federal Rules of Civil Procedure, which addresses each disputed issue of material fact that the parties wish the jury to decide.  Failure to include a question in the proposed verdict form may be deemed a waiver of jury trial on that issue.

D.      *Preparation of a Proposed Pretrial Order*

A sample Proposed Pretrial Order with explanations is attached.  The parties must follow this format.  The parties shall each file a second supplemental trial brief addressing those issues that are in dispute.  The parties shall address in their second supplemental trial brief all contested trial exhibits and jury instructions.  The second supplemental trial briefs shall be filed no later than **September 5, 2008.**

E.      *Final Pretrial Conference*

Prior to the Final Pretrial Conference, the Court will review the record, the joint Proposed Pretrial Orders, and the second supplemental trial briefs, which address issues that could not be resolved by the parties prior to the submission of the Proposed Pretrial Order.  The parties should be prepared to discuss all unresolved issues at the Final Pretrial Conference.  Following the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will govern all further proceedings.

## IV.  FILING

In addition to filing the Proposed Pretrial Order and *second* supplemental trial briefs must, if possible, be submitted in any of the popular word processor formats, *e.g.*, WordPerfect or Microsoft Word, by e-mail to singletonproposedorders@akd.uscourts.gov at the same time as filed.

The parties should not assume that they are at liberty to stipulate to a change of the dates set within this Order.  If the parties do so stipulate, and the Court grants such stipulation, the Court reserves the right to vacate the trial date if the change in date(s) deprives the Court of adequate time to complete its trial preparation.  If the parties file a joint stipulation for an extension of time and the Court denies the motion, late filed documents will not be accepted, unless the Court grants leave to accept the late filed documents.

## V.  SUMMARY OF DEADLINES

A summary of the deadlines imposed by this Order is as follows:

| | |
|---|---|
| Pretrial Documents | **July 25, 2008** |
| First Supplemental Trial Briefs[1] | **August 11, 2008** |
| Proposed Pretrial Order[2] | **August 25, 2008** |
| Second Supplemental Trial Briefs[2] | **September 5, 2008** |
| Final Pretrial Conference/Trial | **September 29, 2008** |

[1]  Optional
[2]  Filed and sent by e-mail in word processor (WordPerfect or Microsoft Word) format

DATED at Anchorage, Alaska this 5th day of June, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Court Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEFENDANT,<br><br>            Defendant. | Case No.<br><br><br>PROPOSED PRETRIAL ORDER |

(*All of the **bold text** in this document is to be used verbatim by the parties in their Proposed Pretrial Order. The remainder of this document is comprised of instructions and examples.*).

Pursuant to the Scheduling Order entered on [Date], the following is the Proposed Pretrial Order submitted by [Plaintiff/Defendant] to be discussed and considered at the Final Pretrial Conference set for [Date].

## I.    Parties

(*List the parties and their relationships.*).

## II.    Jurisdiction

(*Cite the authority(-ies) granting this Court jurisdiction. Also, note whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the reasons for the objection. If jurisdiction is not disputed, the parties must still cite the authority(ies) granting the Court jurisdiction.*).

## III.    Schedule of Trial

(*List date, place, time, probable length, and whether trial will be by court or jury.*).

## IV.    Nature of Action

(*Provide a concise statement of the type of case, cause of action, and relief sought. Example:* This is a prisoner civil rights case where the plaintiff seeks damages for personal injuries, pain and suffering as a result of defendant's indifference to his medical needs in that they denied him necessary medical treatment. Plaintiff contends this treatment constituted cruel and unusual punishment. *Also, indicate which law governs,* i.e., *state or federal. The statement of the nature of the action shall not contain argument or discussion of factual or legal disputes.*).

## V.    Legal Issues Already Decided by this Court

(*If the Court has made any legal determinations, e.g., partial summary judgment motions, motions* in limine*, or motions that eliminate certain parties, such determinations should be briefly addressed here.*).

## VI.    Statement of Issues

(*At minimum, the statement of issues in this section must identify the legal elements required to be established by either party in order to establish each claim or affirmative defense asserted by either party.*).

## VII.    Statement of Uncontested Facts

(*The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial, background material, which will serve to put into proper context the issues to be litigated.  This statement shall include all facts upon which a party intends to rely and that to the best of the information, knowledge and belief of the submitting party the opposing party does not intend to controvert.  In the preparation of the statement the parties shall each prepare a statement of facts that they intend to prove at trial, from which each side can identify those facts that are not to be controverted.  Uncontested facts should be presented in simple English so that they can be read to and understood by a lay jury.*).

## VIII.    Contested Issues of Fact and Law

### A.    The Following Are the Issues of Fact to Be Tried and Decided:

(*Each issue of material fact must be stated separately and in specific terms.  Each party's contention as to each issue must be set forth with respect to each and every issue of material fact.*).
        <u>*Example:*</u>
<u>Issue 1</u>:  Whether defendant had knowledge of plaintiff's medical condition.
        <u>Plaintiff contends</u>:  Defendant was presented with a copy of the medical report. . . .
        <u>Defendant contends</u>:  The medical report presented did not . . . .

### B.    The Following Are The Issues Of Law To Be Tried And Determined:

(*Each issue of law must be stated separately and in specific terms.  Each party's contention as to each issue must be set forth with respect to each and every issue of law.*).
        <u>*Example:*</u>
<u>Issue 1</u>:  Whether Plaintiff's suit is barred by a failure to exhaust administrative remedies.

Plaintiff contends:  . . . .
Defendant contends:  . . . .

### IX.   General Questions for the Jury, Voir Dire Jury Questionnaire, Preliminary Jury Instructions, Jury Instructions, and Special Verdict Form (if a jury trial)

*(The parties should each submit a set of questions for the jury.  The Court will review these questions and choose those that are appropriate.*

*The parties should next list the preliminary jury instructions and jury instructions.  Any Ninth Circuit Model Jury Instruction or California Jury Instruction--Civil (CACI or BAJI) proposed may be indicated by its number; it is not necessary to re-type the instruction if it is identical to the pattern instruction.  For each instruction, the parties shall list the instruction and provide argument in support of or against the instruction in supplemental trial briefs.*

*A proposed special verdict form should be submitted.  If  any party disagrees , with the proposal it should be argued in the supplemental trial briefs.).*

### X.   Exhibits

*(The parties should list each exhibit in the order that it will be offered at trial.  The parties should indicate those exhibits as, "i.d."  By this stage, both parties should know the purpose and foundation for each exhibit.*

*For clarity and ease of identification, exhibits shall be identified as follows:  all exhibits to be offered at trial must be sequentially* numbered—*1, 2, 3,* etc., *not A, B, C . . . AA, BB, CC, etc.; plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2,* etc.; *likewise, defendant's exhibits shall be preceded by a "D"—D1, D2,* etc. *In the event both parties submit the same exhibit, that exhibit will be deemed to have been admitted by stipulation.)*

### XI.   Witness Lists

*(A list of witnesses must accompany this order.  It shall list witnesses in the order they will testify, provide their respective addresses, identify each as either plaintiff's or defendant's witness, and indicate whether he or she is a fact, or expert, witness.  If a witness' address is unknown, that fact should be disclosed.  A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses:  1) shall be called at trial; 2) may be called at trial; and 3) are unlikely to be called at trial.).*

**The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s).  Simply because a party lists a witness does not mean that the witness will be**

**called.  Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.**

XII.    Effect of this Order

When finalized, this Proposed Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

## GENERAL QUESTIONS FOR THE JURY

*Cerniglia v. County of Sacramento*

1.  Does anyone here know, or are any of you acquainted with, any of the parties in this case?

    [List parties]

2.  Do you know any attorneys or other employees of the (a) Law Firm of Orrick, Herrington, & Sutcliffe or (b) Law Firm of Porter | Scott?

3.  Do you know anyone else who is involved in or associated with this trial, such as Court personnel?

4.  Are you aware of anyone who may be called as witnesses in this case?

5.  Do you have any personal knowledge of, or have you read or heard anything about the facts surrounding this case?

6.  Have you or a close relative or friend ever worked for the County of Sacramento?

7.  Do you have any negative or positive ideas of feelings about prison officials or correctional officers?  If so, will that affect your ability to be a fair and impartial juror?

8.  Do you have any negative or positive ideas or feelings about people who have served terms in jail or prison?  If so, will that affect your ability to be a fair and impartial juror?

9.  Are any of you familiar with the Sacramento County Jail, Sacramento, California? Have any of you formed an opinion about this institution? If so, what is your opinion?

10. Have any of you read any books, reports, articles, or other publications relating to the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States?  If so, have you formed any opinions based upon what you have read?  What is that opinion?  Will anything you have read affect your ability to serve as a fair and impartial juror?

11. Are any of you now or have any of you ever been, associated with any group or organization that is concerned with the operation of jails or prisons, the treatment of prisoners, or the reform of prisons in California or elsewhere? If so, have you formed any opinions based upon this experience? Will that experience affect your ability to serve as a fair and impartial juror?

12. Do any of you have any knowledge or entertain any attitudes or opinions about the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States? If so, what is the basis of your knowledge? Will your knowledge, attitudes, or opinions affect your ability to serve as a fair and impartial juror?

13. Have you, any relative, friend, or neighbor ever been an inmate of a jail or prison either in California or elsewhere?  If so, will that fact affect your ability to serve as a fair and impartial juror?

14.     Have you, a relative or a close friend had any bad experience with any office or agency of the County of Sacramento?

15.     Is there any reason you would treat the testimony of a law enforcement or correctional officer differently than the testimony of any other witness?

16.     Have you, any relative, friend, or neighbor ever been an employee of a jail or prison either in California or elsewhere?  If so, will that affect your ability to serve as a fair and impartial juror?

17.     This case is expected to last (*(number)* days.  Will that impose a hardship on any of you?

18.     Is there any other reason that you would like to bring to the Court's attention why you question your ability to decide this case based solely on the evidence presented to you?

# VOIR DIRE JURY QUESTIONNAIRE

*Cerniglia v. County of Sacramento*

When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court. The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it.

If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1.      State your name, and spell your last name. Where were you born, and where were you raised?

2.      What neighborhood do you live in? How long have you lived in California?

3.      What is your marital status? What is your spouse's name? Please give the number of children, their ages, and their occupations if they are adults.

4.      What is the highest level of formal education that you've attained?

5.      What is the name of your employer? Please give a brief work history, and if you are married, please give your spouse's occupation.

6.      What are your hobbies, interests, and organizations, and any public expressions of your opinions? For example, do you have any bumper stickers, or any political activity that is public? Have you ever run for public office?

7.      Are you a citizen of the United States?

8.      Do you have any military service? Your rank at discharge?

9.      Have you ever served on a jury? If so, (a) when was that? (b) Was it a civil or a criminal case? (c) Was it a grand jury or a trial jury? (d) Did the jury reach a verdict in that case?

10.     Do you know either of the parties, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

11.     Do you have a special disability or a medical condition which would make it difficult for you to serve as a juror?

12.     Is there any reason you are concerned about your ability to be fair to both sides in this case?

13.     Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

## PROPOSED JURY INSTRUCTIONS

[NOTE: *Unless otherwise indicated, Instructions are taken from the Manual of Model Civil Jury Instructions promulgated by the U.S. Court of Appeals for the Ninth Circuit and are available for reference on the Ninth Circuit's web page at http://www.ce9.uscourts.gov/web/sdocuments.nsf/civ.*]

## PRELIMINARY INSTRUCTIONS

| | |
|---|---|
| 1.1A | Duty of Jury |
| 1.2 | Claims and Defenses |
| 1.3 | Burden of Proof—Preponderance of the Evidence |
| 1.6 | What Is Evidence |
| 1.7 | What Is Not Evidence [Modified] |
| 1.8 | Evidence For Limited Purpose |
| 1.9 | Direct and Circumstantial Evidence |
| 1.10 | Ruling on Objections |
| 1.11 | Credibility of Witnesses |
| 1.12 | Conduct of Jury |
| 1.13 | No Transcript Available to Jury |
| 1.14 | Taking Notes |
| 1.18 | Bench Conferences and Recesses |
| 1.19 | Outline of Trial |

## PROPOSED FINAL JURY INSTRUCTIONS

| | |
|---|---|
| 1.1C | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| 1.3 | Burden of Proof—Preponderance of the Evidence |
| 1.6 | What Is Evidence |
| 1.7 | What Is Not Evidence [Modified] |
| 1.8 | Evidence For Limited Purpose |
| 1.9 | Direct and Circumstantial Evidence |
| 1.11 | Credibility of Witnesses |
| 2.8 | Impeachment Evidence Witness |
| 5.1 | Damages—Proof [Combined with 5.2] |
| 5.2 | Measures of Types of Damages [Combined with 5.1] |
| 5.5 | Punitive Damages |
| 5.6 | Nominal Damages |
| 4.1 | Duty to Deliberate |
| 4.2 | Use of Notes |
| 4.3 | Communication With Court |
| 4.4 | Return of Verdict |

**1.1A DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Comment**

Instruction 1.1A may be used as a preliminary instruction if the court decides to provide a written set of preliminary instructions at the beginning of the trial which the jurors are permitted to keep with them. In the final set of instructions, the court should substitute Instruction 1.1C.

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The following is undisputed.  [*Insert undisputed facts if applicable*]

Plaintiff contends [*insert plaintiff's contentions*].

Defendant contends [*insert defendant's contentions*].

### 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

This instruction may not apply to cases based on state law.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Plaintiff is representing himself in this case.  When a party is representing himself he is held to the same standard as an attorney.  Therefore, except when actually testifying under oath, statements, arguments, questions, and objections made by the Plaintiff are not to be considered as evidence and you must not consider them as evidence in deciding this case.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case. *See also* Instruction 1.6 (What Is Evidence).

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

*See also* Instructions 1.7 (What is Not Evidence), 2.8 (Impeachment Evidence—Witness).

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

> By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino–Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S. 989 (1999).

State court practice in some jurisdictions does allow discussion.

If the court decides to allow discussion, substitute the following language for the final paragraph of the instruction:

You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.

## 1.13 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

### Comment

The previous version of this instruction has been modified to delete the suggestion that readbacks are either unavailable or highly inconvenient. The practice of discouraging readbacks has been criticized in *United States v. Damsky,* 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.1.F (1998).

The court may wish to repeat this instruction in the instructions at the end of the trial.

## 1.14 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir.1993)*, cert. denied*, 513 U.S. 934 (1994). *See also* JURY COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (1998).

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.19 OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## 1.1C  DUTY OF JURY

### (COURT READS AND PROVIDES  WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### Comment

Instruction 1.1C should be used with the written final set of the instructions to be sent to the jury. Bracketed material should be selected to cover whether single or multiple sets of written instructions are provided.

**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.6 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case. *See also* Instruction 1.6 (What Is Evidence).

## 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977), *cert. denied*, 435 U.S. 969 (1978).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when the trial court fails to instruct the jury in its final instructions regarding the receipt of evidence for a limited purpose, the Ninth Circuit examines the trial court's preliminary instructions to determine if the court instructed the jury on this issue).

*See also* Instructions 1.7 (What is Not Evidence), 2.8 (Impeachment Evidence—Witness).

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 2.8  IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, *etc.*] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

### Comment

If this instruction is given during the trial, the committee recommends giving the second sentence in numbered paragraph 3 of Instruction 1.7 (What Is Not Evidence) with the concluding instructions. *See also* Instruction 1.8 (Evidence for Limited Purpose).

## 5.1 DAMAGES—PROOF

## 5.2 MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages.

You must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury caused by the defendant.

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and which with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future];]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Comment [5.1]

If liability is not disputed, this instruction should be modified accordingly.

### Comment [5.2]

Insert only the appropriate bracketed items into Instruction 5.1 (Damages—Proof). Additional paragraphs may have to be drafted to fit other types of damages. Particular claims may have special rules on damages. *See*, *e.g.*, Instruction 7.11 (Maintenance and Cure), 11.7A (Age Discrimination—Damages—Back and Front Pay—Mitigation), and 11.7B (Age Discrimination—Damages—Willful Discrimination—Liquidated Damages).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a(b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001). *See also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 10.

In Title VII and ADA cases, the court, not the jury, determines the amount of back pay. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir.2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975).

## 5.5 PUNITIVE DAMAGES

You may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

### Comment

Punitive damages are not available in every case. For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute. *City of Newport, et al. v. Fact Concerts, Inc., et al.*, 453 U.S. 247, 259-71 (1981). Punitive damages may, however, be available against governmental employees acting in their individual capacities. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *City of Newport*, 453 U.S. at 254. In diversity cases, look to state law for an appropriate instruction.

Regarding when punitive damages may be awarded in Title VII actions, *see Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000). *See also Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Company*, 532 U.S. 843 (2001). *See also*

*Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 12.

If punitive damages are available, and evidence of defendant's financial condition is offered in support of such damages, the judge may be requested to instruct the jury during trial and/or at the end of the case about the limited purpose of such evidence. See Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and the bracketed material in 3.3 (What Is Not Evidence).

Regarding oppressive conduct, see *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) (holding it was error not to instruct on oppressive conduct as an alternative basis for punitive damages).

Regarding degree of reprehensibility and punitive damages generally, *see BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); see also *Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir. 1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future.". *See State Farm Mut. Auto. Ins. Co. v Campbell*, 538 U.S. 408 (2003), referring to *Gore and Haslip* and stating that "[single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1. (citation omitted) . . ..  Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (*citing Gore*, 517 U.S. at 582.)  For an application of *the State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, see *Bains LLC v. Arco Products Co.,* 405 F.3d 764 (9th Cir. 2005).

## 5.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

### Comment

Nominal damages are not available in every case. The court must determine whether nominal damages are permitted. *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992) (Title VII action).

Regarding cases brought under 42 U.S.C. § 1983, see *George v. City of Long Beach*, 973 F.2d 706 (9th Cir.1992); *Floyd v. Laws*, 929 F.2d 1390 (9th Cir.1991).

### 3.1  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**1.14 USE OF NOTES**

[Modified]

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

## 3.2 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 3.3 RETURN OF VERDICT

A verdict form has been prepared for you.  [_Any explanation of the verdict form may be given at this time._]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Comment**

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.